FILED

2013 SEP 13 PM 3: 56

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

1  CENTER FOR DISABILITY ACCESS
   Raymond G. Ballister, Jr., SBN 111282
2  Phyl Grace, Esq., SBN 171771
   Christopher Seabock, SBN 279640
3  Mail: PO Box 262490
   San Diego, CA 92196-2490
4  Delivery: 9845 Erma Road, Suite 300
   San Diego, CA 92131
5  (858) 375-7385; (888) 422-5191 fax
   phylg@potterhandy.com
6
   Attorneys for Plaintiffs

RECEIVED
CLERK, U.S. DISTRICT COURT

SEP 12 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

12  **Walter E. Sanchez**,          Case No. SACV13-1437-CJC (DFMx)

13          Plaintiff,             **Complaint For Damages And
                                   Injunctive Relief For** Violations
14      v.                         Of: American's With Disabilities
                                   Act; Unruh Civil Rights Act;
15  **Hassan & Sons, Inc.,** a California   California Disabled Persons Act;
    Corporation; and Does 1-10,    Negligence
16
            Defendants.            **Demand For Jury**
17

18      Plaintiff Walter E. Sanchez complains of Defendants Hassan & Sons,

19  Inc., a California Corporation; and Does 1-10 ("Defendants") and alleges as

20  follows:

21

22      **PARTIES:**

23      1.  Plaintiff is a California resident with physical disabilities. He suffers

24  from a spinal cord injury. He uses a wheelchair for mobility.

25      2.  Defendants are, or were at the time of the incident, the owners and

26  operators, lessors and/or lessees of the Chevron gas station located at or

27  about 4910 Lakewood Blvd., Lakewood, California.

28      3.  Plaintiff does not know the true names of Defendants, their business



1

Complaint

1   capacities, their ownership connection to the property and business, or their
2   relative responsibilities in causing the access violations herein complained of,
3   and alleges a joint venture and common enterprise by all such Defendants.
4   Plaintiff is informed and believes that each of the Defendants herein,
5   including Does 1 through 10, inclusive, is responsible in some capacity for
6   the events herein alleged, or is a necessary party for obtaining appropriate
7   relief. Plaintiff will seek leave to amend when the true names, capacities,
8   connections, and responsibilities of the Defendants and Does 1 through 10,
9   inclusive, are ascertained.

10

11   **JURISDICTION & VENUE:**

12   4.   This Court has subject matter jurisdiction over this action pursuant to
13   28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans
14   with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

15   5.   Pursuant to pendant jurisdiction, an attendant and related cause of
16   action, arising from the same nucleus of operative facts and arising out of the
17   same transactions, is also brought under California's Unruh Civil Rights Act,
18   and the California Disabled Persons Act, which acts expressly incorporate the
19   Americans with Disabilities Act.

20   6.   Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is
21   founded on the fact that the real property which is the subject of this action is
22   located in this district and that Plaintiff's cause of action arose in this district.

23

24   **FACTUAL ALLEGATIONS:**

25   7.   The Plaintiff went to the gas station in May of 2013.
26   8.   The gas station is a facility open to the public, a place of public
27   accommodation, and a business establishment.
28   9.   At each of the fuel dispenser pumps, there is an electronic card reader

2

Complaint

for use by customers.

10. Unfortunately, the controls and operating mechanisms for the card readers are located about 58 inches above the ground. They exceed the maximum height/reach requirements of the law.

11. The plaintiff personally encountered this problem. The inaccessible card readers denied the plaintiff full and equal access and caused him difficulty.

12. Additionally, on information and believe, the plaintiff alleges that the failure to remove these barriers was intentional because: (1) these particular barriers are intuitive and obvious; (2) the defendants exercised control and dominion over the conditions at this location and, therefore, the lack of accessible facilities was not an "accident" because had the defendants intended any other configuration, they had the means and ability to make the change.

13. Plaintiff would like to return and patronize the gas station but will be denied full and equal access until the defendants provide an accessible card reader at its fuel dispensers.

## I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (On behalf of plaintiffs and against all defendants (42 U.S.C. section 12101, et seq.)

14. Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

15. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42

3

Complaint

U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

    a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

    b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

    c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

16. Card readers at fuel pumps are covered by height/reach requirements of section 4.27 of the ADAAG for control or operating mechanisms. If the clear floor space allows parallel approach by a person in a wheelchair, the maximum high side reach allowed shall be 54 inches and the low side reach shall be no less than 9 inches above the floor.

17. Here, the defendants failed to provide handicap-accessible card readers and, therefore, failed to provide full and equal access to wheelchair users such as the plaintiff. The card readers are located 59 inches above the finish floor, which is higher than that allowed by law.

4

Complaint

18. The Defendants are persons who own, operate, lease or lease to a place of public accommodation. As such, the Defendants are required to ensure that persons with disabilities are not discriminated against and, additionally, have specific duties to (1) ensure that all construction, alteration, or modification is barrier free and complies with the Americans with Disabilities Act Accessibility Guidelines ("ADAAG"); and/or (2) remove all existing barriers where such removal is "readily achievable," and/or (3) to provide alternatives to barrier removal. The Defendants have failed to meet these obligations.

19. Because the defendants violated the plaintiff's rights under the ADA, they also violated the Unruh Civil Rights Act and are liable for damages. (Civ. Code § 51(f), 52(a).)

20. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, *i.e.*, a civil penalty. (Civ. Code § 55.56(a)-(c).)

## II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT (On behalf of plaintiffs and against all defendants) (Cal Civ § 51-53)

21. Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

22. Because the defendants violated the plaintiffs' rights under the ADA, they also violated the Unruh Civil Rights Act and are liable for damages. (Civ. Code § 51(f), 52(a).)

23. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiffs, the defendants are

Complaint

also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code §
55.56(a)-(c).)

## III. THIRD CAUSE OF ACTION: VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT (On behalf of plaintiffs and against all defendants) (Cal Civ.§ 54-54.8)

24. Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

25. Because the defendants violated the plaintiffs' rights under the ADA, they also violated the Disabled Persons Act and are liable for damages. (Civ. Code § 54.1(d), 54.3(a).)

26. Because the violation of the Disabled Persons Act resulted in difficulty, discomfort or embarrassment for the plaintiffs, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

## IV. FOURTH CAUSE OF ACTION: NEGLIGENCE (On behalf of plaintiff and against all defendants)

27. Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

28. The Defendants had a general duty and a duty arising under the Americans with Disabilities Act and the Unruh Civil Rights Act and California Disabled Persons Act to provide safe, convenient, and accessible facilities to the plaintiffs. Their breach of this duty, as alleged in the preceding paragraphs, has caused injury and damage as alleged above.

Complaint

**PRAYER:**

Wherefore, Plaintiffs pray that this court award damages and provide relief as follows:

1. For injunctive relief, compelling defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the Plaintiffs are not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act and/or the California Disabled Persons Act which damages provide for actual damages and a statutory minimum of $4,000. Note: a plaintiff cannot recover under both acts, simultaneously, and an election will be made prior to or at trial.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; Cal. Civ. Code §§ 52 and 54.3 and Cal. Civ. Proc. § 1021.5.

Dated: August 27, 2013          CENTER FOR DISABILITY ACCESS

                                              /s/ Raymond G. Ballister

                                     By:_____
                                     Raymond G. Ballister, Jr, Esq.
                                     Attorneys for Plaintiffs

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury for all claims for which a jury is permitted.

Dated: August 27, 2013          CENTER FOR DISABILITY ACCESS

                                              /s/ Raymond G. Ballister

                                     By:_____
                                     Raymond G. Ballister, Jr, Esq.
                                     Attorneys for Plaintiffs

Complaint